IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRIETTA OKORO, *et al.*,

    Appellants,

v.                                         Appeal No. PX 16-CV-3571

WELLS FARGO BANK, N.A., *et al.*,

    Appellees.

**MEMORANDUM OPINION**

Henrietta and Cyriacus Okoro ("Debtors") appeal two orders of the United States Bankruptcy Court for the District of Maryland dismissing their adversary proceeding for lack of subject matter jurisdiction and denying their motion for reconsideration. Appellate Record, ECF No. 1.[1] Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6. For the reasons stated below, the October 18, 2016 and November 18, 2016 decisions of the bankruptcy court are AFFIRMED.

**I. BACKGROUND**

On March 3, 2016, before filing for bankruptcy, Debtors brought a civil action in this Court against several defendants, including Wells Fargo Bank, N.A. ("Wells Fargo"). *Okoro v. Wells Fargo Bank, et al.*, No. 16-CV-616-PX (the "District Court Action"). The District Court Action asserted claims for violations of the Real Estate Settlement Procedures Act ("RESPA")

---

[1] Citations directly to the electronic case file of the instant appeal in this Court shall be referred to as the "Appellate Record."

and other laws related to Debtors' mortgage loan that was serviced by Wells Fargo. The property at 7211 Oakley Rd. in Glenn Dale, Maryland (the "Real Property") secured the disputed mortgage. *See* Appellate Record, ECF No. 4 at 7 (Appellants' Br.). The District Court Action was dismissed for failure to state a claim on October 6, 2016, which the Fourth Circuit affirmed on April 7, 2017. *See Okoro v. Wells Fargo Bank, N.A.*, No. CV PX 16-0616, 2016 WL 5870031 (D. Md. Oct. 6, 2016), *aff'd sub nom.*, No. 16-2274, 2017 WL 1291278 (4th Cir. Apr. 7, 2017).

On February 16, 2016, Debtors initiated bankruptcy proceedings under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. *In re Okoro*, 16-11751 (D. Md. Bankruptcy Court) (petition filed February 16, 2016) (hereinafter "Bankruptcy Proceedings"). Debtors listed the District Court Action and the Real Property as assets on the Schedules A/B of Real and Personal Property they filed in the Chapter 7 Bankruptcy Case. Bankruptcy Proceedings, ECF No. 38 at 9 (Amended Schedule A/B).

On April 8, 2016, Debtors initiated an adversary proceeding in Bankruptcy Court against Wells Fargo and Manufacturers and Traders Trust Company, a/k/a M&T Bank, successor by merger to Hudson City Savings Bank, FSB (collectively "Appellees"), alleging violations of RESPA and fraud and seeking a declaratory judgment that Wells Fargo lacked a valid mortgage on Debtors' property. *Okoro v. Wells Fargo Bank Home Mortgage et al.*, 16-00185 (D. Md. Bankr.), ECF No. 1 (hereinafter the "Adversary Proceeding"); Appellate Record, ECF No. 2-1. Meanwhile in the Bankruptcy Proceedings, the Chapter 7 Trustee filed a Report of No Distribution on May 19, 2016, finding that no assets were in the bankruptcy estate to administer to creditors. Bankruptcy Proceedings, ECF No. 47.

On June 2, 2016, the bankruptcy court issued an order for Debtors to show cause why the Adversary Proceeding should not be dismissed, explaining that only the Chapter 7 trustee has

standing to prosecute an action on behalf of the bankruptcy estate. Appellate Record, ECF No. 2-7. On June 6, 2016, Debtors moved for an order of abandonment of the claims asserted in the District Court Action, and the Chapter 7 Trustee did not object. Bankruptcy Proceedings, ECF No. 50. On June 28, 2016, the bankruptcy court granted Debtors' motion, and ordered that the claims in the District Court Action were abandoned pursuant to 11 U.S.C. § 554 and Fed. R. Bankr. P. 6007. Bankruptcy Proceedings, ECF No. 51.

On August 8, 2016, the bankruptcy court dismissed the Adversary Proceeding because the trustee had abandoned the District Court Action, and the court found those claims were identical to those raised in the Adversary Proceeding. Appellate Record, ECF No. 2-9. The bankruptcy court determined that the District Court Action, therefore, was no longer part of the bankruptcy estate. *Id.* Accordingly, the bankruptcy court concluded that it lacked jurisdiction to adjudicate the Adversary Proceeding on the identical claims and dismissed the action. *Id.* at 4–5.

Debtors moved for reconsideration of the bankruptcy court's order of dismissal on August 18, 2016. Appellate Record, ECF No. 2-10. Before the Court ruled on this motion, the Debtors' discharge was issued on October 7, 2016. Bankruptcy Proceedings, ECF No. 53.Then, on October 18, 2016, the bankruptcy court denied Debtors' motion for reconsideration, finding it lacked subject matter jurisdiction because the Debtors failed to state a dischargeability claim under the Bankruptcy Code and the claims raised in the Adversary Proceeding would have no conceivable effect on the bankruptcy estate because the trustee had abandoned both the Real Property and the claims raised in the District Court Action. Appellate Record, ECF No. 2-13. The instant appeal followed on October 27, 2016. Appellate Record, ECF No. 1.

## II. STANDARD OF REVIEW

A district court reviews the bankruptcy court's conclusions of law de novo. *See Cypher Chiropractic Ctr. v. Runski*, 102 F.3d 744, 745 (4th Cir. 1996). Whether the bankruptcy court erred when it dismissed the Adversary Proceeding for lack of subject matter jurisdiction is a question of law, and so the bankruptcy court's decision here is reviewed *de novo*. Moreover, the decision of a bankruptcy court "must be affirmed if the result is correct" even if the lower court relied upon "'a wrong ground or gave a wrong reason.'" *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (quoting *Helvering v. Gowran*, 302 U.S. 238, 245 (1937)); *see also Cty. Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290, 294 (4th Cir. 1987) (citing *Chenery* and affirming district court's judgment in a bankruptcy case on different grounds). This principle guides district courts to "affirm the bankruptcy court on any ground supported by the record." *Wells Fargo Bank, N.A. v. Farag*, No. 5:15-CV-422-BO, 2016 WL 2944561, at *2 (E.D.N.C. May 18, 2016) (quoting *In re Cobham*, 551 B.R. 181, 189 (E.D.N.C.), *aff'd*, 669 F. App'x 171 (4th Cir. 2016), *reh'g denied* (Nov. 29, 2016) (quoting *Helvering*, 302 U.S. at 238)). Otherwise "[i]t would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate." *Chenery*, 318 U.S. at 88 (1943).

## III. ANALYSIS

Subject matter jurisdiction must be determined at the time an action commences, even if the facts supporting this jurisdiction subsequently change. *See Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997) ("[I]f 'related to' [bankruptcy] jurisdiction actually existed at

the time of Rapid's removal of the Contribution Action to the district court," the subsequent resolution of the bankruptcy estate "could not divest the district court of that subject matter jurisdiction."); *cf. In re Roy*, Bankruptcy No. 09–2972, 2010 WL 2928463, at *4 (Bankr. N.D.W.Va. July 26, 2010) ("Because the bankruptcy court had subject matter jurisdiction over the Debtors' adversary complaint at the time it was filed, the court has not lost subject matter jurisdiction over the adversary complaint even though . . . the Debtors' main bankruptcy case has closed.").

A bankruptcy court's jurisdiction to review claims is limited to those that (1) "arise under" the Bankruptcy Code; (2) "arise in" the Bankruptcy Code; or (3) "relate to" cases brought under the Bankruptcy Code. *In re Kirkland*, 600 F.3d 310, 316–18 (4th Cir. 2010).[2] Debtors contend their claim "arises under" the Bankruptcy Code because they brought their adversary proceeding to determine the "dischargeability" of the mortgage debt. *Id.* at 20. Debtors also argue that the bankruptcy court had "related to" jurisdiction over its pre-confirmation adversary proceeding. Appellate Record, ECF No. 4 at 22 (Appellants' Br.). Finally, Debtors assert that because the trustee's abandonment of the claim "has no relevance to the validity and priority of a lien," the bankruptcy court's reference to the trustee's decision to abandon property was in error. Appellate Record, ECF No. 4 at 6 (Appellants' Br.).

---

[2] A claim "arising in" a bankruptcy case are those that "are not based on any right expressly created by [the Bankruptcy Code], but nevertheless would have no existence outside of the bankruptcy." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 372 (4th Cir. 1996), *cert. denied*, 519 U.S. 993 (1996) (quoting *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)); *accord Wood*, 825 F.2d at 97 ("The meaning of 'arising in' proceedings . . . seems to be a reference to those 'administrative' matters that arise only in bankruptcy cases."). Debtors do not contend on appeal that the bankruptcy court had "arising in" jurisdiction, perhaps because the court did not. *See Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007) (finding no "arising in" jurisdiction over claims that bear only a coincidental relationship to debtor's bankruptcy case).

### A. "Arising Under" Jurisdiction

A claim "arises under" the Bankruptcy Code if it is created or determined by the Bankruptcy Code and which lacks existence outside the context of bankruptcy. *In re Kirkland*, 600 F.3d at 316; *In re Collen, Inc.*, 406 B.R. 674, 678 (Bankr. D. Md. 2009). Debtors maintain the Adversary Proceeding arises under the Bankruptcy Code because it centers on whether the mortgage debt is properly dischargeable. Appellate Record, ECF No. 4 at 20 (Appellants' Br.). Dischargeability is governed by 11 U.S.C. § 523(a), which sets forth two exceptions to discharge. The first is for debts enumerated in 11 U.S.C. § 523(a)(2), (4) or (6), which includes debt obtained by fraud, embezzlement, or willful and malicious injury by the debtor. These debts will be discharged "unless, *on request of the creditor* to whom such debt is owed . . . the court determines such debt to be excepted" pursuant to those provisions. 11 U.S.C. § 523(c)(1) (emphasis added); *accord In re Skinner*, 532 B.R. 599, 604 (E.D. Pa. 2015), *aff'd*, 636 F. App'x 868 (3rd Cir. 2016) ("[O]nly a party to whom a debt is owed under the Bankruptcy Code has standing to challenge the dischargeability of that debt [under 11 U.S.C. § 523(c)(1)].") (internal quotation omitted). Debtors could not and did not bring an action under 11 U.S.C. § 523(c)(1), and the creditors did not challenge the dischargeability of the debt under this provision.

The second exception to discharge is for debts under 11 U.S.C. § 523(a) but not subject to 11 U.S.C. § 523(a)(2), (4) or (6). By way of example, these debts include, but are not limited to, debts for tax payable to the government, for a domestic support obligation, for a fine or penalty to the government, for death caused by intoxicated operation of a vehicle, or for a payment of an order of restitution. *See* 11 U.S.C. § 523(a)(1)–(19). No action needs to be brought during the bankruptcy case for these debts, although "a party may seek a determination as to dischargeability in the bankruptcy court while the bankruptcy case remains open." 4 Collier

6

on Bankruptcy § 523.04 (16th ed. 2017). Pursuant to Fed. R. Bankr. P. 4007(a), either a debtor or creditor may bring an action to determine the discharge of these particular debts.

Despite Debtors' claims now, nothing in Debtors' Adversary Proceeding suggests they were seeking to discharge a debt under *any* subsection of 11 U.S.C. §523(a). Nor did they claim that their mortgage debt is a type listed under U.S.C. § 523(a). The Amended Complaint seeking to "determine the dischargeability of a related debt connected to their home," obliquely references "dischargeability" in a "Wherefore" clause, which states that the court should determine that "the debt is dischargeable unsecured debt." Appellate Record, ECF No. 2-4 at 1, 18. This conclusory request for relief is insufficient to state a claim under 11 U.S.C. § 523(a) such that it would confer "arises under" jurisdiction.[3]

Moreover, Debtors' RESPA and declaratory judgment claims in no way arise under or in the Bankruptcy code. By definition, these claims spring from a totally separate and unrelated statutory scheme. *See In re Sharif*, 411 B.R. 276, 281 (Bankr. E.D. Va. 2008) ("[T]he cause of action that is pleaded in the complaint does not arise under the Bankruptcy Code, since it invokes no rights created by the Code."); *In re Brown*, No. 11-60762, 2013 WL 1010359, at *6 (Bankr. S.D. Ohio Mar. 14, 2013) ("This is an action predicated on nonbankruptcy law, not one in which the Debtor asserts claims for relief or invokes substantive rights created or determined by the Bankruptcy Code."). Accordingly, the claims are not subject to "arising under" jurisdiction.

**B. "Related to" Jurisdiction**

An action is "related to" a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate administered in bankruptcy" and "which in any way impacts upon the handling and administration of the bankruptcy estate.'" *Celotex Corp.*, 124

---

[3] Debtors received a chapter 7 discharge of this debt on October 7, 2016. *See* Bankruptcy Proceedings, ECF No. 53.

7

F.3d at 625-26 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Considering the facts as they existed at the time the Adversary Proceeding began, the outcome could have conceivably had an effect on Plaintiff's bankruptcy.

Filing a petition for Chapter 7 bankruptcy creates an estate comprised of the debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Both the Real Property that is the subject of the Adversary Proceeding and the District Court Action (with identical RESPA claims brought in the Adversary Proceeding) were initially considered a part of the bankruptcy estate. If Debtors succeeded in the Adversary Proceeding, the mortgage against the Real Property would have been invalidated and the unencumbered real property would have augmented the Chapter 7 estate. *See Johnson v. Residential Funding Co., LLC*, No. JFM-10-2769, 2011 WL 532024, at *3 (D. Md. Feb. 8, 2011); *accord In re Harris*, 450 B.R. 324, 334 (Bankr. D. Mass. 2011) (discussing the ways "[i]n cases filed under Chapter 7, the validity of an asserted mortgage may also impact the administration of the bankruptcy estate.").[4] Thus, the bankruptcy court had subject matter jurisdiction over the Adversary Proceeding during the pendency of the bankruptcy proceedings. *See In re Roy*, Bankruptcy No. 09–2972, 2010 WL 2928463, at *4 (Bankr. N.D. W.Va. July 26, 2010) ("Because the bankruptcy court had subject matter jurisdiction over the Debtors' adversary

---

[4] Where an adversary proceeding is commenced after the abandonment of the underlying property at issue, such as through a report of no distribution, the bankruptcy court lacks subject matter jurisdiction. *See In re Brown*, No. 11-60762, 2013 WL 1010359, at *4 (Bankr. S.D. Ohio Mar. 14, 2013); *accord In re Sturgeon*, No. 15-10309 (1) (7), 2015 WL 7424021, at *2 (Bankr. W.D. Ky. Nov. 20, 2015) ("[A]lthough the adversary proceeding was filed before the case was closed, the claim at issue here was abandoned to the Debtor before the case was closed. The Court has no jurisdiction over this matter and there cannot be 'related to' jurisdiction, as the case was fully administered [through the filing of a report of no distribution] before the adversary proceeding was filed."); *In re VonGrabe*, 332 B.R. 40, 43 (Bankr. M.D. Fla. 2005) (lacking "related to" jurisdiction over an adversary proceeding where "the trustee has filed a report of no distribution, a notice of abandonment, and the debtor's discharge has issued."). That is not the case here.

8

complaint at the time it was filed, the court has not lost subject matter jurisdiction over the adversary complaint even though . . . the Debtors' main bankruptcy case has closed.").

After Debtors initiated the Adversary Proceeding, however, the bankruptcy court granted Debtors' request to abandon the District Court Action. The trustee also filed a report of no distribution which effectively meant that the trustee has abandoned the Real Property that was the subject of the Adversary Proceeding. *See In re Langford*, No. 04-12447C-7, 2007 WL 3376664, at *6 (M.D.N.C. Nov. 2, 2007) ("[T]he respective chapter 7 trustees filed their reports of no distribution, which effectively abandoned known property of the estate." (citing 11 U.S.C. § 554)); *cf. In re Brown*, No. 11-60762, 2013 WL 1010359, at *7 (Bankr. S.D. Ohio Mar. 14, 2013) (finding adversary proceeding claims regarding the validity of liens effectively abandoned through the trustee's report of no distribution although the bankruptcy case was not yet closed) (internal quotations omitted). Debtors' discharge was issued on October 7, 2016. Thus, the estate had already been fully administered prior to the ruling on Debtor's motion for reconsideration. *See In re Dierkes*, No. 05-60983-MGD, 2007 WL 5734794, at *7 (Bankr. N.D. Ga. Mar. 22, 2007).

Once the underlying bankruptcy case was terminated, "[T]he general rule [is] that related proceedings ordinarily should be dismissed" because "a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case." *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995) (citing *In re Querner*, 7 F.3d 1199, 1201–02 (5th Cir. 1993); *In re Morris*, 950 F.2d 1531, 1533 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)). This is so because the Adversary Proceeding would have no conceivable effect on the estate once the underlying bankruptcy case was dismissed. Thus, the bankruptcy court was well within its discretion to dismiss the pendant Adversary Proceeding. *Id.* at 162 ("The decision

whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court or the district court, depending on where the adversary proceeding is pending."); *see generally In re Dircks*, 329 B.R. 687, 692 (Bankr. C.D. Ill. 2005) ("[Since] any result of this Complaint will have no conceivable effect on the bankruptcy estate, the Complaint is not properly before this Court.") (citing *In re Schwarzwalder*, 242 B.R. 734 (Bankr. M.D. Fla. 1999); *In re Conway*, 1994 WL 617253 (Bankr. E.D. Cal. 1994)). This Court, therefore, affirms the dismissal of the Adversary Proceeding, albeit on slightly different grounds. *See Cty. Fuel Co.*, 832 F.2d at 294 (citing *Chenery*, 318 U.S. at 88).

### C. "Core" Proceeding

Debtors nonetheless insist that dismissal of the Adversary Proceeding was erroneous because it was a "core" proceeding under the Bankruptcy Code mandating adjudication. The Court disagrees. A proceeding that neither "arises under" the Bankruptcy Code nor "arises in" a bankruptcy case but is only "related to" the bankruptcy case, as the Adversary Proceeding is here, is not a core proceeding within the meaning of 28 U.S.C. § 157(b). *See In re Sharif*, 411 B.R. 276, 281 n.3 (Bankr. E.D. Va. 2008); *accord In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996) (A proceeding is core if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."). Accordingly, for the reasons already discussed, the bankruptcy court properly dismissed the Adversary Proceeding.

### IV. CONCLUSION

Because dismissal of the Adversary Proceeding was a proper exercise of the Bankruptcy Court's discretion, the decision is AFFIRMED. A separate Order will follow.

| 4/20/2017 | /S/ |
|---|---|
| Date | PAULA XINIS |
| | United States District Judge |